IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| C&C NORTH AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:26-cv-00477-UNA |
| | ) | |
| CAMBRIA COMPANY LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL</u>**

Pursuant to Fed. R. Civ. P. 5.2, Plaintiff C&C North America, Inc. ("Cosentino") hereby moves for leave to file its Complaint against Cambria Company LLC and Exhibits 1 and 3 thereto under seal. The bases for this motion are as follows:

1. This Court has the "inherent equitable power to grant confidentiality orders." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785-86 (3d Cir. 1994). Although the Third Circuit has recognized a presumption of public access, the presumption is overcome where the material sought to be protected is "the kind of information that courts will protect," and where "disclosure will work a clearly defined and serious injury to the party seeking closure". *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (internal quotation marks and citations omitted); *see also In re Avandia Marketing*, 924 F.3d 662, 672 (3d Cir. 2019) (presumption of public access overcome if movant shows "that the interest in secrecy outweighs the presumption").

2. Here, Cosentino's Complaint references provisions of an August 10, 2021 Patent License Agreement ("PLA") between Cosentino Industrial, S.A.U. (f/k/a Cosentino S.A.U.) and Cambria that both parties agreed would remain confidential. The PLA is also attached to the Complaint as Exhibit 1. The PLA and its provisions are also referenced in a letter sent by Cambria to Cosentino, which is attached to the Complaint as Exhibit 3.

3.      Public disclosure of provisions from the PLA and the PLA itself could result in significant competitive harm to Cosentino because the details of Cosentino's license from Cambria and Cambria's reciprocal license from Cosentino include confidential business information relating to pricing, finances, and patent valuation, such as the patents licensed, the breadth of products covered by the licenses, and the monetary compensation and payment details therefor, which could be used to undercut future licensing negotiations, and the risk of such harm is sufficient to overcome the right of public access.  *See Littlejohn v. Bic Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988) (recognizing that the right of access to judicial proceedings and records "is not absolute" and stating that "[c]ourts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing"); *Leucadia v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure").

Therefore, Cosentino respectfully requests that it be permitted to file its Complaint and Exhibits 1 and 3 under seal, and respectfully requests that the Court enter the proposed order submitted herewith.  Cosentino will file a public version of the Complaint and Exhibits 1 and 3, with the confidential information redacted, within seven days of this motion being granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Jeffrey C. Totten
Jennifer H. Roscetti
Deena Kablaoui Lanier
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

April 24, 2026

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jtigan@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff*

2